Cox, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*November 17, 1914—February 9, 1915.*

*Railroads: Injury to employee: Assumption of risk: Contributory negligence: Verdict construed: Evidence: Credibility.*

1. In sec. 1816, Stats. 1911 (Laws of 1907, ch. 254), the term "contributory negligence" was used as including assumption of risk; and the defense of assumption of risk was not abolished by that statute.
2. In an action against a railway company under said statute for injuries to an employee, the jury found the plaintiff guilty of contributory negligence under a charge which required them to include assumption of risk as part of such negligence, and also found that such negligence was less as a contributing cause of the accident than the negligence of the defendant, thus finding the existence of all the conditions which entitled plaintiff to recover. *Held*, that a further separate finding of assumption of risk was merely a finding of one of the elements of the contributory negligence which they had already found, and did not affect the right of recovery.
3. Where plaintiff, a railway employee, was injured by being caught between the side of a tender and a stationary wooden structure

standing so near the track that the clearance between it and the tender was only about seven inches, the fact that he could not give an exact or accurate account of just what happened at the time or just how his body was handled, did not render his version of the accident incredible.

APPEAL from a judgment of the county court of Winnebago county: FRED BEGLINGER, Judge. *Reversed.*

Personal injuries. Plaintiff was a fireman on a passenger engine, and was in some manner injured while attempting to get on his engine in the railroad yard at Janesville at about 6:45 o'clock a. m. September 26, 1911. Plaintiff claimed that the engine was standing at the coal shed and that just as he reached it the engineer moved it eastward and he (plaintiff) took hold of the grabirons on the tender and began to climb up and was caught between the side of the tender and the blowout box, a stationary wooden structure standing close to the track and used for blowing out the steam and water from engines. The testimony tended to show that this box was about three feet nine inches in height and that the clearance space between it and the tender was about seven inches. Plaintiff had worked in the yard more than a year and had seen and used the box many times. He claimed that there was much steam and smoke in the air which prevented him from seeing the box at the time.

The following special verdict was rendered:

"(1) Was the plaintiff caught between the blowout box in question and the tender of the locomotive and injured September 26, 1911? *A.* Yes.

"(2) If you answer the first question 'Yes,' then answer the following: Was the defendant, in maintaining said blowout box at its location at the time of said injury, guilty of a want of ordinary care and prudence? *A.* Yes.

"(3) If you answer the second question 'Yes,' then answer the following: Was the plaintiff at the time and place in question guilty of a want of ordinary care and prudence? *A.* Yes.

"(4) If you answer the second question 'Yes,' then answer

the following: Did such want of ordinary care and prudence on the part of the defendant proximately contribute to plaintiff's injury?   A. Yes.

"(5) If you answer the third question 'Yes,' then answer the following: Did such want of ordinary care and prudence on the part of the plaintiff proximately contribute to his injury?   A. Yes.

"(6) Ought a person of ordinary intelligence and prudence and similarly situated, experienced and engaged, as was the plaintiff, to have known of the nearness of the blowout box with reference to engines passing upon said track, and comprehended the danger of contact with said blowout box resulting from riding upon engines with the body exposed beyond the line of the tender, in the vicinity of said blowout box?   A. Yes.

"(7) If you find that the defendant and the plaintiff were each guilty of a want of ordinary care and prudence, was the fault of the defendant in that respect the greater?   A. Yes.

"(8) If you answer questions Nos. 4, 5, and 7 'Yes,' then answer the following: Did the want of ordinary care and prudence on the part of the defendant contribute in greater degree to plaintiff's injury than the want of ordinary care and prudence on the part of the plaintiff?   A. Yes.

"(9) If the court should be of the opinion that plaintiff is entitled to recover, at what sum do you assess his damages? A. $1,500."

Judgment being rendered for the defendant on the verdict, the plaintiff appeals.

For the appellant there was a brief by *Bouck & Hilton, E. J. Dempsey,* and *John F. Kluwin,* and a reply brief and oral argument by *Mr. Kluwin.*

For the respondent there was a brief by *C. H. Van Alstine* and *H. J. Killilea,* counsel, and oral argument by *Mr. Killilea.*

The following opinion was filed December 8, 1914:

WINSLOW, C. J.    This accident happened in September, 1911, when sec. 1816, Stats., in substance provided that a

railroad company should be liable in damages for injuries to its employees subject to the provisions thereinafter contained regarding contributory negligence, which provisions were in substance that, if the jury found the negligence of the company greater than the negligence of the injured employee and contributing in a greater degree to such injury, the plaintiff should be entitled to recover.

It was held by the trial court that this statute did not abolish the defense of assumption of risk, and we think this ruling was right. Prior to the passage of this statute this court had for years held that as between employer and employee assumption of risk was a form of contributory negligence. *Darcey v. Farmers' L. Co.* 87 Wis. 245, 58 N. W. 382; *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109, 74 N. W. 554. This court had also held (*Andrews v. C., M. & St. P. R. Co.* 96 Wis. 348, 71 N. W. 372) that under ch. 220, Laws of 1893, providing that railway companies should be liable to employees for all injuries resulting from certain named causes "without contributory negligence" on their part, the defense of assumption of risk still existed. This chapter so construed became sec. 1816 in the revision of the Statutes of 1898. It was slightly amended by ch. 448 of the Laws of 1903, and placed in the form in which it existed at the time of the accident in question by ch. 254, Laws of 1907. We discover no evidence of any intention to place any different meaning on the term "contributory negligence" in this latter chapter than that which had been placed upon it by the court in the original chapter which was thereby amended, and hence we conclude that the legislature used the term as including assumption of risk and did not abolish or intend to abolish it as a defense. The section was radically revised by ch. 644 of the Laws of 1913, but it does not appear that the changes made by this revision cast any light on the question here. The trial court, having concluded that the defense still existed, submitted a special question to the jury covering as-

sumption of risk (question 6) in addition to the general question covering contributory negligence; and the jury having found assumption of risk to exist, the court defeated the plaintiff because of that fact, notwithstanding the jury had also found that the negligence of the defendant was greater and contributed in greater degree to the injury than that of the plaintiff.

If it appeared from the verdict, taken in connection with the charge of the court, that the jury in answering the questions as to the plaintiff's contributory negligence considered only acts of active negligence on his part as distinguished from that form of negligence included under the term "assumption of risk," the holding of the trial court would probably be justified, but on the contrary the exact opposite appears. The court charged the jury as follows with regard to question 3 of the verdict:

"In that connection you will bear in mind the definition and the meaning of the term 'ordinary care and prudence' as I have already defined it. If you find that any of the plaintiff's acts at the time in question in climbing upon and riding upon said engine were such that a man of ordinary care and prudence in such circumstances would have avoided and refrained from doing them, *or that at the time in question the plaintiff in the exercise of ordinary care and prudence knew or ought to have discovered the danger of so climbing and riding upon said engine, then you must answer the third question. 'Yes.'* If you find that he did all that a person of ordinary care and prudence ought to have done under the circumstances, then you will answer the question 'No.'

"You will consider all the evidence and all the circumstances shown by the evidence bearing upon that question and then determine the fact as you may find it to be. You are further instructed that if the plaintiff failed in any degree, however slight, to exercise ordinary care and prudence under the situation, you must answer the third question 'Yes.'"

Under this charge it was the duty of the jury, if they were satisfied that the plaintiff knew or ought to have known of the

danger of doing what he did, to have found him guilty of contributory negligence. This is nothing more nor less than assumption of risk, consequently it seems clear that the contributory negligence which the jury found in answer to questions 3 and 5, and which they found in answer to question 8, to be less in degree than the defendant's negligence, included all the elements of assumption of risk and the same elements which they found to exist in answer to question 6. In other words, the jury were twice asked to find on the question of assumption of risk and it must be assumed in all reason that they gave the same answer each time, *i. e.* that, when they said the plaintiff was guilty of contributory negligence, they included in their answer the same assumption of risk which they afterwards found in answer to the special question on that subject. Under the judge's charge they could do nothing else. While the judge's charge on assumption of risk, given in connection with the sixth question, was somewhat more elaborate and complete than the sentences quoted which were given in connection with the third question, it is clear that the essentials were all given in connection with both questions.

Question 6, therefore, practically drops out of the case. By their affirmative answer to it the jury simply found one of the elements of contributory negligence which they had already found in previous answers and which they measured up against the defendant's negligence in their answer to question 8.

The respondent contends that the plaintiff's version of the accident is incredible because he testified that he was rolled between the blowout box and the tender of the engine, a space of about seven inches. It is said that this could not happen without crushing the plaintiff's person to an extent far greater than was actually the case. There was evidence justifying the jury in finding, as they did, that the plaintiff was caught between the tender and the blowout box. If this was true,

the fact that he could not give an exact or accurate account of just what happened at the time or just how his body was handled would not be surprising; in fact it would be surprising if he could do so.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the plaintiff on the verdict.

TIMLIN, J. I concur in the result only.

A motion for a rehearing was denied, with $20 costs, on February 9, and the following opinion was filed on February 26, 1915:·

WINSLOW, C. J. It seems certain from the tenor of the brief filed in support of the motion for a rehearing that the opinion has not been understood. An opinion cannot always be expected to convince, but counsel are certainly entitled to ask that it be understandable. I freely take the blame for this situation and I shall now endeavor to briefly restate the position of the court in clearer terms.

1. When sec. 1816, Stats., was put in the form which it had at the time of the accident, assumption of risk was, under the decisions of this court, simply a form of contributory negligence. See decisions referred to in former opinion.

2. This being the case, the words "contributory negligence" in sec. 1816 included assumption of risk, and hence a plaintiff whose contributory negligence (*i. e.* active negligence combined with passive negligence or assumption of risk) was less as a contributing cause of the accident than the negligence of the defendant might still recover under the act.

3. In the present case the jury found the plaintiff guilty of contributory negligence under a charge which required them to include assumption of risk as a part of the negligence; they then found that the negligence so found was less as a contrib-

uting cause than the negligence of the defendant. Thus all the conditions which under sec. 1816 entitled the plaintiff to recover were found to exist.

4. When the jury found, in answer to question 6, that the plaintiff ought to have known and comprehended the danger, they simply found that a certain part of the sum of contributory negligence which they had already found to exist consisted of that form thereof commonly known as assumption of risk; but inasmuch as they had already measured up the sum total of all forms of the plaintiff's contributory negligence and pronounced it less in amount than the defendant's negligence, this finding becomes of no moment.

Sec. 1816, *supra,* was amended by ch. 644, Laws of 1913, and seems now to differentiate between assumption of risk and contributory negligence. The question as to the effect of the amendments then made is not before us and we express no opinion on it.